b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHANNON LAMBERT, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:19-CV-01080 |
| VERSUS | JUDGE DRELL |
| CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Compel Additional Medical Examination and for Reimbursement of Fee Forfeiture for Untimely Cancellation of Original Examination. ECF No. 16. Defendants also filed a Motion to Expedite Consideration of their Motion to Compel. ECF Nos. 17, 19.

Because Plaintiff has undergone a medical examination with Defendants' physician, Defendants' Motion to Expedite (ECF Nos. 17, 19) and Motion to Compel are DENIED AS MOOT. Because Defendants are not entitled to reimbursement of the fee for the canceled examination, their Motion for Reimbursement is also DENIED.

## I. Background

Plaintiff Shannon Lambert ("Lambert") filed a petition in state court, on behalf of herself and her minor child C.L., against Defendants Gustavo Vazquez-Castillo ("Castillo"), Certain Underwriters at Lloyds of London ("Lloyds"), and Vazquez and Co. Carriers, Inc. ("Vasquez). ECF No. 1-4 at 1; 1-16. Lambert alleges injuries

sustained by herself and C.L. when Castillo—who was driving a 2010 International TT tractor-trailer for Vasquez—switched lanes and struck Plaintiffs' vehicle. ECF No. 1-4 at 2. Lloyds issued the liability insurance covering Castillo and the tractor-trailer he was driving. ECF No. 1-4 at 2. Defendants answered the petition and requested a jury trial. ECF Nos. 1-14, 7.

Defendants filed a Motion to Compel Additional Medical Examination and for Reimbursement of Fee Forfeiture through Untimely Cancellation of the Original Examination. ECF No. 16. Defendants also filed an Ex Parte Motion to Expedite Consideration of Motion to Compel. ECF No. 17. Plaintiffs oppose the Motion to Compel (ECF No. 18), and join in the Motion to Expedite (ECF No. 19).

Plaintiffs also filed a Response to notify the Court that Plaintiff Lambert attended her rescheduled additional medical examination on January 20, 2020 with Dr. Thomas V. Bertuccini. ECF No. 20.

## II. Law and Analysis

Defendants filed a Motion to Compel Additional Medical Examination, seeking to compel Lambert to submit to a rescheduled additional medical examination with the neurosurgeon of Defendants' choice, Dr. Thomas V. Bertuccini, on January 20, 2020 at 10 a.m. ECF No. 16. Plaintiffs show that Lambert attended the medical examination rescheduled for January 20, 2020 with Dr. Bertuccini. ECF No. 20. Therefore, Defendants' Motion to Compel (ECF No. 16) is denied as moot. Because the Motion to Compel is denied as moot, Defendants' Motion to Expedite Consideration of Motion to Compel (ECF No. 17) is also denied as moot.

Defendants further request that Lambert be ordered to reimburse Defendants for the $6,000 prepayment Defendants made to Dr. Bertuccini for the original medical examination scheduled for December 9, 2019, which was forfeited due to Lambert's cancellation the evening of December 8, 2019. ECF No. 16. Defendants show that Dr. Bertuccini's cancellation policy states (ECF No. 16-6 at 4):

> In the event the patient "does not show," the patient attends the appointment without the required paperwork, or written notification of cancellation is not received by this office two weeks in advance, the payer will forfeit their prepayment.

The medical examination was scheduled on Monday, December 9, 2019 at 9:00 a.m. On Sunday, December 8, 2019 at 7:30 p.m., a paralegal from Plaintiff's counsel's office emailed Defendants' counsel advising that Plaintiff had the flu and could not appear for the medical examination the next morning. ECF No. 16-6 at 6. Defendants argue that Plaintiff's notice that she was unable to attend the medical examination was untimely pursuant to the terms set forth in their agreement with their physician.

Once a Rule 35 order for a physical or mental examination is issued, a party may seek sanctions pursuant to Rule 37 if the opposing party disobeys the Rule 35 order. *See* Fed. R. Civ. P. 37(b)(2)(A)-(B). Since no Rule 35 order was issued requiring Lambert to submit to the December 2019 medical examination, there is no basis for awarding expenses or sanctions. Therefore, any cancellation fees incurred by Defendant and/or its counsel regarding the scheduled medical examination with Dr. Bertuccini are not immediately awardable pursuant to Rule 37. *Compare Holdridge*

*v. Estee Lauder Companies, Inc.*, 2019 WL 6219536, at *1 (M.D. La. 2019); *Bruce v. Baywater Drilling, L.L.C.*, 2016 WL 3149719, at *2-*3 (M.D. La. 2016).

Defendants ask the Court to award the cancellation fee as a matter of "equity and fairness." ECF No. 16-1 at 8. Plaintiff opposes such an award, pointing out that she was not a party to the agreed-upon cancellation fee, was unaware of the cancellation fee, and finds the fee unreasonable. ECF No. 18 at 5.

It is unreasonable to expect a two-week notice of cancellation of a medical appointment due to illness. Lambert is not at fault for contracting a virus within two weeks of her appointment with Dr. Bertuccini. It is unlikely that Dr. Bertuccini and his staff would have appreciated Lambert appearing for her appointment with the flu. Moreover, it apparently did not matter whether Lambert cancelled the appointment the evening before or a week before the appointment–either would have been considered untimely by Dr. Bertuccini.

Defendants, not Lambert, contracted with Dr. Bertuccini to pay his cancellation fee. Defendants have not shown that Lambert agreed to pay Dr. Bertuccini's cancellation fee in the event it was imposed. Defendants have also not shown any legal basis for reimbursement of the cancellation fee by Lambert.

Therefore, Lambert is not responsible for the cancellation fee. Defendants' "Motion for Reimbursement of Fee Forfeiture for Untimely Cancellation of Original Examination" (Doc. 16) is denied.

## III. Conclusion

Based on the foregoing, IT IS ORDERED that Defendants' Motion to Compel (ECF No. 16) and Motion to Expedite Consideration of Motion to Compel (ECF No. 17) are both DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendants' "Motion for Reimbursement of Fee Forfeiture for Untimely Cancellation of Original Examination" (Doc. 16) is DENIED.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this 27th day of April 2020.

Joseph H.L. Perez-Montes
United States Magistrate Judge